United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21260
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN ROSTRO-MORALES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-257-ALL
---------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Martin Rostro-Morales ("Rostro") appeals his guilty-plea

conviction and sentence for being found in the United States

without permission, following deportation, in violation of

8 U.S.C. § 1326. Rostro concedes that his appellate arguments

are foreclosed. He nevertheless raises two issues to preserve

them for possible further review.

Rostro renews his argument that the district court erred

in determining that his prior state felony conviction for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

possession of cocaine was a "drug trafficking crime" under 8 U.S.C. § 1101(a)(43)(B) and thus an "aggravated felony" which warranted an eight-level increase in his base offense level under U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1326(b)(2). Rostro's argument regarding the definitions of "drug trafficking crime" and "aggravated felony" is foreclosed by United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002), cert. denied, 123 S. Ct. 1948 (2003). Accordingly, the district court did not err in determining that his prior conviction was an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C).

Rostro also argues, for the first time on appeal, that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. Rostro's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 239-47 (1998). The Supreme Court did not overrule Almendarez-Torres in Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Thus, the district court did not err in sentencing Rostro under 8 U.S.C. § 1326(b).

The judgment of the district court is AFFIRMED.